IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMMA NUNEZ-GONZALES, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| ANDRE MATEVOUSIAN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-0388-WSD-JFK |

## ORDER

Petitioner, Emma Nunez-Gonzalez, pursuant to 28 U.S.C. § 2241, challenges her conviction in this Court, United States v. Nunez-Gonzales, 1:04-cr-0640-WSD-JFK-1 (N.D. Ga. Sept. 25, 2006) (hereinafter Nunez-Gonzales, District Court – "Nunez-Gonzales, D."). This action was transferred to this Court as a 28 U.S.C. § 2254 federal habeas corpus petition. Section 2254, however, applies only to challenges to state convictions, and Petitioner states that she is bringing a § 2241 federal habeas corpus petition to challenge her federal conviction. Accordingly, the Clerk of Court is **DIRECTED** to adjust the Court's docket to show this as a federal habeas corpus action under 28 U.S.C. § 2241. (See Doc. 1 at 1).

## I. Discussion

Petitioner was convicted in this Court in 2006. J. and Commitment, <u>Nunez-Gonzales, D.</u>, ECF No. 40. The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions in 2007. <u>United States v. Nunez-Gonzales</u>, 223 F. App'x 924, 927 (11th Cir. 2007). Petitioner pursued a 28 U.S.C. § 2255 motion, which this Court denied in 2010. Order, <u>Nunez-Gonzales, D.</u>, ECF No. 69. Petitioner now seeks relief under § 2241 and contends that § 2255 is inadequate or ineffective because "new case law and constitutional issues have been clarified and used retroactive[ly] since petitioner[']s last filing." (Doc. 1 at 6). Petitioner is confined in the Dublin Correctional Institution in Dublin, California, in Alameda County, within the Northern District of California, and initially filed this action in the United States District Court for the Northern District of California.

The Honorable Joseph C. Spero, United States Magistrate Judge in the United States District Court for the Northern District of California, transferred the action to this Court –

> This federal habeas action, in which petitioner challenges her federal sentence, is TRANSFERRED to the Northern District of Georgia, as that is the district in which the sentence was imposed. 28 U.S.C.

2

§§ 90(a), 1404(a); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).[1] The Clerk shall transfer this action forthwith.

(Doc. 5).

Generally, a transferee court should not revisit a transfer decision of a coordinate court. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988); see also Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). The transferee court, however, retains power to revisit a jurisdictional issue, and if it concludes that the transfer decision is "'clearly wrong' it [is] obliged to decline jurisdiction." Christianson, 486 U.S. at 817 (citation not provided). For the reasons discussed below, the Court determines (1) that it is without jurisdiction to rule on Petitioner's claim in her § 2241 petition that § 2255 provides her an inadequate or ineffective remedy and (2) that this action was improperly transferred to this Court.

Generally, a final federal conviction may be challenged only via a § 2255 motion. Bryant v. Warden, 738 F.3d 1253, 1256 (11th Cir. 2013). "However, the savings clause in § 2255(e) permits the prisoner to file a § 2241 habeas petition when

---

[1] The court in Tripati (1) found that the petitioner had failed to show that § 2255 was inadequate or ineffective to test the legality of his detention and that he was therefore precluded from raising his claims in a § 2241 petition, (2) stated that a § 2255 motion could only be brought in the sentencing court, and (3) affirmed the custodial court's dismissal of the § 2241 petition. Tripati, 843 F.2d at 1162-63.

3

AO 72A
(Rev.8/82)

a § 2255 motion was 'inadequate or ineffective to test the legality of his detention.'" Id. (citing § 2255(e)). A § 2255 motion must be brought in the sentencing court (here, the United States District Court for the Northern District of Georgia). Tripati, 843 F.2d at 1163. A § 2241 petition must be heard in the custodial court (here, the United States District Court for the Northern District of California). Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court[.]"); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

When a petitioner files in the custodial court a § 2241 petition that claims § 2255 provides an ineffective remedy, the court "is required initially to rule whether a § 2241 remedy is available under the savings clause." Hernandez, 204 F.3d at 866. The custodial court in which a § 2241 petition initially is filed errs when it "fail[s] to engage in any analysis on this point before transferring the action." Id.

Here, Petitioner has stated that she is bringing a § 2241 petition on the grounds that § 2255 is inadequate or ineffective. The transferor court did not construe this

4

action as a § 2255 motion,[2] but docketed and transferred it as a federal habeas corpus action. The transferor court "did not address [Petitioner's] claim that [s]he was entitled to bring a § 2241 petition in the custodial court . . . pursuant to the savings clause." Hernandez, 204 F.3d at 865 ("Thus, the [custodial court] erred by transferring the action without first determining whether it, as the custodial court, had the exclusive jurisdiction to hear the claim."). This action was improperly transferred without Petitioner having received "a ruling on the merits of [her] claim that § 2255 was an 'inadequate or ineffective' remedy." Hernandez, 204 F.3d at 866 (quoting § 2255).

The transfer here was in error. However, the Ninth Circuit appears to follow the rule that, if the custodial/transferor district court erroneously failed to determine whether the savings clause applies before transfer, the transferee district court must do so – without regard to whether the transferee court has jurisdiction under § 2241. Muth, 676 F.3d at 819 n.3. Notably, different Circuits address application of the

---

[2]Generally, a custodial court could, depending on the facts, determine that the savings clause does not apply, construe the action as a § 2255 motion, and transfer the construed action to the sentencing court. See Diaz v. United States, No. CV F 07–01276 LJO WMW HC, 2009 WL 541573, at *3-5 (E.D. Cal. Mar. 4, 2009). Here, such a transfer would not be appropriate as a § 2255 motion would be second or successive for Petitioner, and there is no indication that the Eleventh Circuit Court of Appeals has approved the filing of a successive § 2255 for Petitioner. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

5

savings clause in differing ways. See Marrero v. Ives, 682 F.3d 1190, 1194-95 (9th Cir. 2012) (discussing the approaches and different exceptions in different circuits), cert. denied, _ U.S. _, 133 S. Ct. 1264 (2013).

In the Eleventh Circuit, a petitioner opens the portal to a § 2241 proceeding via the savings clause when "(1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that petitioner was convicted of a nonexistent offense; and (3) circuit law foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." United States v. Nickson, No. 13-13530, 2014 WL 223280, at *2 (11th Cir. Jan. 22, 2014) (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir.1999)). In the Ninth Circuit, a prisoner may file a § 2241 petition under § 2255's "escape hatch" when the prisoner "'(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero, 682 F.3d at 1192 (citation omitted).

The Honorable Stephanie K. Seymour, Senior Circuit Judge with the Tenth Circuit Court of Appeals, has noted the difference between the Eleventh and Ninth Circuit savings-clause precedent. In comparing Eleventh (Wofford) and Ninth Circuit precedent, Judge Seymour has stated that "[t]he Ninth Circuit has adopted an even

6

broader approach, permitting resort to § 2241 via § 2255(e)'s savings clause not only where a petitioner was foreclosed by adverse precedent, but also where the petitioner lacked an affirmative basis for his claim of actual innocence." Prost v. Anderson, 636 F.3d 578, 604-05 n.5 (10th Cir. 2011) (Seymour, J. concurring in part and dissenting in part), cert. denied, _ U.S. _, 132 S. Ct. 1001 (2012).

Because the two circuit's tests for determining whether the savings clause applies are different, it will avoid confusion for the court with § 2241 jurisdiction – the United States District Court for the Northern District of California – to determine whether the saving clause (or escape hatch) applies, i.e., to rule on the merits of Petitioner's claim that § 2255 provides an inadequate or ineffective remedy.

Moreover, the undersigned is convinced that this Court is without jurisdiction to determine the merits of Petitioner's claim that § 2255 provides an inadequate or ineffective remedy. In line with this conclusion, the Fifth Circuit has (1) held that a petitioner "is entitled to a judicial determination whether he may proceed under § 2241, *and that determination can only be made in the district where he is incarcerated*" and (2) ordered that the improperly transferred action be transferred

7

back to the custodial court, the court with jurisdiction under § 2241.³ <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir. 1999) (emphasis added).

## II. Conclusion

The Clerk of Court is **DIRECTED** to adjust the Court's docket to show this as a federal habeas corpus action under 28 U.S.C. § 2241.

**IT IS ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of California.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and DIRECTED** this 25th day of February, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

³In <u>Hooker</u>, the custodial court transferred the petitioner's § 2241 petition to the sentencing court, which dismissed it as an untimely § 2255 motion. <u>Hooker</u>, 187 F.3d at 681. The Fifth Circuit determined that the custodial court was the only district court with jurisdiction to entertain the § 2241 pleading, vacated the sentencing court's dismissal and remanded with instructions that the sentencing court transfer the case back to the custodial court. <u>Id.</u> at 682.

8

AO 72A
(Rev.8/82)