*E-Filed 4/8/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMA NUNEZ-GONZALES, | No. C 14-0454 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ANDRE MATEVOUSIAN, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a federal prisoner incarcerated in this district, seeks a revision of her federal sentence, which was imposed in the Northern District of Georgia. To this end, she has filed in this Court a petition under 28 U.S.C. § 2241, rather than, as is customary, filing a motion under § 2255 in the sentencing court. She uses § 2241 because she believes that a § 2255 motion would be an inadequate or ineffective means to test the legality of her detention. Her specific grounds are that "new case law and constitutional issues having been clarified and used retroactive[ly] since petitioner[']s last filing." (Pet. at 6.) Before filing here, petitioner filed an unsuccessful § 2255 petition (she does not state where, but presumably in the district of conviction). (*Id.* at 5.) She has not filed a motion seeking

permission to file a second or successive § 2255 petition.  (*Id.*)  For the reasons stated herein, the petition is DISMISSED.

## DISCUSSION

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence.  *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988).  Only the sentencing court has jurisdiction.  *See id.* at 1163.  A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991).

There is an exception to this general bar:  a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'"  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  This is known as the "savings clause."  *Hernandez v. Campbell*, 204 F.3d 861, 864 n.2 (9th Cir. 2000).

There is little guidance from any court on when § 2255 is an inadequate or ineffective remedy.  The Ninth Circuit has recognized that it is a very "narrow exception."  *See Pirro*, 104 F.3d at 299.  For example, the remedy under § 2255 generally will not be inadequate or ineffective due to the delay in considering a motion under § 2255 until direct appeals are resolved, *see id.*; due to the mere fact that a previous § 2255 motion was denied, *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1163; *see also Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate one already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding inadequate or ineffective; must show more than lack of success in prior § 2255).  Even the dismissal of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render federal habeas relief under § 2255 an ineffective or inadequate remedy per se.  *See Lorentsen v.*

*Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or ineffective remedy).

When a prisoner files a habeas petition under § 2241 on the ground that the remedy provided by § 2255 is inadequate or ineffective, the district court must determine whether a § 2241 remedy is available under the savings clause of § 2255. *See Hernandez*, 204 F.3d at 864–65. This inquiry is critical to the determination of district court jurisdiction because the proper district for filing depends on whether the petition is filed pursuant to § 2241 or § 2255. *See id.* at 865.

The petition will be dismissed. Petitioner has not shown that a § 2255 motion is an inadequate or ineffective test of the validity of her detention. Her arguments in favor of modifying her sentence, whatever their merits, fail to show that a § 2255 motion would be inadequate. Specifically, she has not shown why such arguments regarding new and clarified case law cannot be heard in the sentencing court by way of a § 2255 motion. The prior failure of her § 2255 motion does not provide a sufficient reason to show that the use of such method is inadequate. *See Aronson*, 85 S. Ct. at 5; *Tripati*, 843 F.2d at 1163. Petitioner admits that she has never filed for permission to file a second or successive § 2255 motion. New and clarified case law could be a basis to seek such permission. All these circumstances fail to show that petitioner's case falls under the "narrow exception" of *Pirro*.

Having determined that the petition does not fall under the savings clause of § 2255, the instant action is a motion brought pursuant to § 2255. As such, it will be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); *Hernandez*, 204 F.3d at 866.

**CONCLUSION**

The petition is DISMISSED.  Petitioner may elect to ask the Eleventh Circuit Court of Appeals for permission to file a second or successive § 2255 petition.  The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED:  April 8, 2014

RICHARD SEEBORG
United States District Judge